WINDHAM,
*February,*
1838.

JAMES TAGGART *v.* THEODORE PHELPS.

T., a stage proprietor, engaged P. to board a person in T's. employment. Afterwards T. sold half his interest in the stage property to C., and T. and C. became partners, and the person so in the employment of T. continued in the employment of said partners, and continued to board with P., but no notice was given to P. of the terms of said partnership, nor was P. informed by T. that he should not pay for such person's board, after the formation of said partnership ;—Held, that P. might recover against T. for boarding such person, after the formation of the partnership, as well as before.

THIS was an action of book account, brought to the county court, by appeal, from the decision of a justice of the peace. Judgment to account having been rendered, an auditor was appointed, who reported, that he found a balance due from the defendant to the plaintiff; that the second item in the plaintiff's account was for boarding a stage driver for the defendant, from January 13, 1832, to July 15, 1832,—15 weeks and one day, at $1,25 per week, amounting to $18,75, which sum the auditor allowed; that the proof, relating to this item, showed, that the defendant, being a stage owner, and carrier of the mail from Brattleboro' to Winhall, commenced stopping at plaintiff's house on the 13th of January, 1832, at which time his driver commenced boarding there, and continued to board with the plaintiff until the 15th of July following; that the defendant requested the plaintiff to board said driver, but no bargain was made in relation to the price; that on the 24th day of February, 1832, the defendant sold one half of his stage property to Gardner Chamberlain; that said driver continued to drive from Brattleboro' to Townshend, and board with the plaintiff; that after the said 24th day of February, 1832, the said Chamberlain took charge of the route, and was the active partner; that the plaintiff, on or about the said 24th day of February, 1832, was informed that Chamberlain had formed a connexion with the defendant in the stage busines, but it did not appear that the defendant ever informed the plaintiff thereof, nor that he ever told the plaintiff that he would not be answerable for said driver's board; that on the 15th day of July, 1832, the defendant sold out the remainder of his interest in said stage property, to the said Chamberlain.

The defendant objected to the acceptance of said report, insisting, that the plaintiff's claim for boarding said driver

from February 24, 1832, was improperly allowed by the auditor. The county court overruled the objection, and rendered a judgment for the plaintiff to recover against the defendant the sum found due to the plaintiff by the auditor, to which decision the defendant excepted.

*R. M. Field,* for defendant.

The *fact* shown in the report, on which the defendant relies, is, that the defendant formed a partnership in the stage business, with one Gardner Chamberlain, on the 24th February, 1832, when the defendant retired from all active concern in the business, and that the plaintiff had notice of this partnership.

The *law,* as the defendant thinks, is, that a claim against partners for boarding their servant, is not a proper charge on book, against one of the partners. To this point he cites *Loomis* v. *Barrett,* 4 Vt. R. 450.

The auditor seems to have grounded his decision on the circumstance, that the notice of the partnership did not reach the plaintiff, directly from the defendant. This distinction was not regarded in the above cited case.

Rejecting from the second item this charge for board, after the 24th Feb. $14,47, there is a balance, on the whole accounts, of 61 cents in defendant's favor.

———— *Roberts,* and *Wm. C. Bradley,* for plaintiff.

The opinion of the Court was delivered by

PHELPS, J.—The case of *Loomis* v. *Barret,* is good law ; yet, we do not consider the principle of that case applicable here. When the claim of the plaintiff, which is now contested, began to accrue, it was, without a question, a claim against the defendant alone ; and the plaintiff was not only justified in charging to him, but could legally charge nobody else. While the account was thus running, it appears that the defendant took in a partner in his business, but whether that partner was, by the contract, to be responsible to the plaintiff, for the driver's board, does not appear. For aught disclosed the defendant was still solely liable to the plaintiff and whether this expense was ever a subject of accounting between the two partners, or an outgo to be sustained by the defendant alone, is a question depending upon the terms of the partnership, with respect to which we are not informed. Before we can exclude this charge from consideration in

WINDHAM,
*February,*
1838.

Taggart
*v.*
Phelps.

this case, it must be made to appear affirmatively that it constitutes a claim against the two partners jointly.

In order to conclude the plaintiff, with respect to it, it is necessary to show, not only that it does constitute such a claim, (a question depending, as already suggested, upon the terms of the partnership) but further, that the plaintiff had knowledge of such facts, as rendered it imperative upon him to change his mode of charging. No such knowledge is disclosed by the case. He was, indeed, advised of the fact of the partnership, but this only from common report. We think, therefore, that the plaintiff was justified in continuing to charge as he began, until notice from the defendant to vary his course, or at least, until advised of a state of facts which rendered a new course necessary.

Judgment affirmed.